IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH DAVIS** | : CIVIL ACTION |
| | : |
| v. | : NO. 25-5031 |
| | : |
| **CITY OF PHILADELPHIA (AS A PERSON)**, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                        September 22, 2025

    A person not licensed to practice law can represent themselves but cannot represent other persons in a criminal case. A state court judge did not allow him to do so. We today address a Philadelphian who disagrees with this rule of law. He responded to the state court judge's decision by handing out profane photographs of federal judges in the state courthouse requiring another state court judge to bar him from the courthouse unless he has a legal reason to be there. He then sued the judges. The courts dismissed these claims as judges are absolutely immune from liability when they are issuing judicial orders. The Philadelphian disagrees with this rule of law as well. He today sues the City, its Sheriff, state judges, and federal judges who reviewed (or are reviewing) his complaints. He knows he cannot sue the judges but continues to do so. His claims lack merit. He cannot sue the City under a municipal liability theory based on state court judges issuing orders nor can he sue the Philadelphia Sheriff for enforcing those orders. He cannot sue federal judges for disagreeing with him. We dismiss his latest complaint with prejudice.

**I.**     **Alleged pro se facts**

    Philadelphian Keith Davis appeared at the Juanita Kidd Stout Center for Criminal Justice in Philadelphia on April 12, 2024 seeking to represent an unidentified criminal defendant even though he is not an attorney.[1] He believed a power of attorney granted to him gave him the authority

to represent the criminal defendant. Judge Roman would not allow Mr. Davis to act as counsel in the criminal matter.

Mr. Davis then began distributing photographs of "Judges of the Third Circuit Court" inside the Criminal Justice Center who Mr. Davis alleged "sabotage[] African Americans[sic] rights to access to the courts and then take immunity to the practice."[2] Philadelphia Sheriff's Department officers accosted him outside of a courtroom, confiscated his photographs, and prohibited him from handing out his photographs.[3]

Mr. Davis then filed a series of actions in this District arising from his theory the power of attorney allows him to represent criminal defendants in state court and his second theory he can distribute profane photographs in the Criminal Justice Center, including the action before us now.[4]

Mr. Davis continued to distribute photographs of federal judges outside courtrooms in the Criminal Justice Center well into 2025 on unpleaded dates. Pennsylvania Judge Honorable Daniel Anders ordered the Sheriff's Department to prohibit Mr. Davis from entering the Criminal Justice Center on May 30, 2025 except where Mr. Davis presents a subpoena to attend a hearing as a party or witness and, in such cases, the Sheriff must accompany Mr. Davis while inside the Criminal Justice Center.[5]

**II.    Analysis**

Mr. Davis now pro se sues the City of Philadelphia "as a person," Philadelphia Sheriff Rochelle Bilal, Philadelphia Court of Common Pleas Judge Nicholas S. Kamau,[6] Philadelphia Court of Common Pleas Judge Daniel J. Anders, United States District Chief Judge Mitchell Goldberg, and United States District Judge Mia Perez for civil rights violations.[7]

Liberally construing Mr. Davis's allegations as we must in our screening obligations, Mr. Davis alleges (1) Chief Judge Goldberg's dismissal of his case in *Davis v. United States,* No. 24-

6216 is "fraudulent" and incorrect; (2) Judge Anders, the City, and the Sheriff's Department imposed a Bill of Attainder against Mr. Davis in violation of the United States and Pennsylvania Constitutions; (3) Judge Perez improperly refused Mr. Davis injunctive relief in the ongoing *White v. Common Pleas Judge Nicholas Kamou*, No. 25-3016 matter; and (4) District Attorney Krasner—who is not a named defendant—permitted the City, Sheriff Bilal, and Judges Kamau, Anders, Goldberg, and Perez to "violate the Separation of Powers" in convicting Mr. Davis of obstruction of justice without a trial (through the Bill of Attainder).[8]

We granted Mr. Davis leave to proceed without paying filing fees requirement and we now screen his complaint consistent with our Congressionally mandated screening obligations. Congress requires we dismiss all or part of Mr. Davis's complaint if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[9] When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the standard provision found in the Federal Rule of Civil Procedure 12(b)(6).[10] Mr. Davis must plead enough facts to state a claim for relief plausible on its face under Rule 12(b)(6).[11] We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings."[12] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[13] But "pro se litigants must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[14]

Mr. Davis asserts civil rights claims and a conspiracy to deprive him of civil rights under the federal statue to remedy violations of federal law by state actors.[15] Congress through section 1983 provides a remedy for a violation of constitutional rights but it is not a source of substantive rights; it is a vehicle to vindicate federal rights "elsewhere conferred."[16] To state a civil rights

3

claim, Mr. Davis must allege (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[17]

Mr. Davis seeks injunctive relief in the form of an order permitting his entry into the Juanita Kidd Stout Center for Criminal Justice, "abolish[ing]" Judge Anders's May 30, 2025 Order, enforcing a power of attorney rejected by Judge Schmehl in his July 23, 2024 memorandum and order in *Davis v. City of Philadelphia*, No. 24-1563, and enjoining "the Judges of the Third Circuit" from exercising jurisdiction over his case.[18] Mr. Davis seeks $10 million in compensatory damages and $10 million in punitive damages.[19]

Mr. Davis does not plausibly plead a legally cognizable claim against a state actor and state and federal judges. We dismiss his complaint with prejudice as an amendment is futile.

**A. State and federal judges are entitled to absolute judicial immunity.**

As Judge Leeson explained to Mr. Davis, we may not review or overrule an order or decision of other district judges. To the extent Mr. Davis intends to challenge decisions of Chief Judge Goldberg and an anticipated decision of Judge Perez, his remedy is to timely appeal to the United States Court of Appeals for the Third Circuit.[20] Nor may we enjoin orders of state court judges.[21] We do not have jurisdiction to grant Mr. Davis injunctive relief over Judge Anders's Order.

In any event, Judge Kamau, Judge Anders, Chief Judge Goldberg, and Judge Perez are absolutely immune from claims for damages for their conduct taken in their judicial capacities. "A judicial officer in the performance of [his/her] duties has absolute immunity from suit and will not be liable for [his/her] judicial acts."[22] A judge is not deprived of immunity even if his/her action

4

is in error, taken maliciously, or in excess of his/her authority; a judge is subject to liability only where he/she "acted in the clear absence of all jurisdiction."[23]

We dismiss all claims against Judge Kamau, Judge Anders, Chief Judge Goldberg, and Judge Perez with prejudice.[24]

### B. Mr. Davis does not state a claim against Sheriff Bilal.

Mr. Davis alleges the "Philadelphia Sheriffs" are continuing to apply a bill of attainder against him.[25] A "bill of attainder" is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial."[26] There is no legislative action here. The prohibition against bills of attainder "reaches only *statutes* that inflict punishment on the specified individual or group."[27]

Mr. Davis challenges Judge Anders's adjudicative function in issuing an order prohibiting him from entering the Criminal Justice Center. There is no bill of attainder. We dismiss claims against Sheriff Bilal with prejudice.

### C. Mr. Davis does not state a claim against the City of Philadelphia.

Mr. Davis asserts a municipal liability *Monell* claim against the City.[28] Liability against the City of Philadelphia extends only to its own conduct and it is not vicariously liable for the conduct of its employees.[29] The City can only be liable if its policy or custom caused the alleged constitutional violation.[30] A "policy" is made when a "decisionmaker" with "final authority to establish a municipal policy with respect the action issues an official proclamation, policy, or edict."[31] A "custom" is conduct, not authorized by law, "so permanently and well-settled as to virtually constitute law" and "requires proof of knowledge and acquiescence of the decisionmaker."[32] Mr. Davis did not identify a "policy" or "custom" and conduct by a municipal decisionmaker.

5

And the City cannot have a policy or custom relating to state court orders. Pennsylvania's Constitution vests the judicial power of the Commonwealth in a unified judicial system, including the Courts of Common Pleas.[33] All courts in the Commonwealth's unified judicial system are part of the "Commonwealth government," not the City of Philadelphia.[34] We dismiss with prejudice Mr. Davis's liberally construed municipal liability *Monell* claim against the City based on an unidentified policy or custom relating to bills of attainder or court orders he believes are discriminatory.

### III.    Conclusion

We dismiss Mr. Davis's complaint with prejudice. Amendment would be futile. The state and federal court judges are absolutely immune from a civil action seeking damages, we lack jurisdiction to enjoin Judge Anders and the Philadelphia Court of Common Pleas, the bill of attainder theory on which Mr. Davis asserts claims is inapplicable to court orders, and there is no possible *Monell* claim against the City relating to Judge Anders's May 2025 Order.

---

[1] We take judicial notice of Mr. Davis's complaint filed April 15, 2024, captioned *Davis v. The City of Philadelphia*, No. 24-1563, assigned to Judge Schmehl. Mr. Davis asserted civil rights claims against the City of Philadelphia, Judge Tracy Brandeis Roman, Assistant District Attorney John Consheck, and three officers in the Philadelphia Sheriff's Department.

[2] *Davis*, No. 24-1563, ECF 2 at 2.

[3] *Id.* Judge Schmehl granted Mr. Davis's motion for leave to proceed in forma pauperis, screened Mr. Davis's complaint under 28 U.S.C. § 1915(e)(2)(B), dismissed claims against Judge Roman as judicially immune and dismissed the City and the assistant district attorney. *Id.* at ECF 8. Judge Schmehl granted Mr. Davis leave to amend his complaint against the Sheriff's Department officers for First Amendment violations. Mr. Davis elected not to amend his complaint and Judge Schmehl ultimately dismissed the complaint and closed the case. *Id.* at ECF 27.

[4] Mr. Davis's current action is the fifth filed in this District arising out of the April 2024 incidents in the Criminal Justice Center in Philadelphia:

*Davis v. City of Philadelphia*, No. 24-1563 before Judge Schmehl. Mr. Davis sued the City, a state court judge, an assistant district attorney, and Sheriff's Department officers asserting claims based

6

on Judge Roman's denial of his attempt to act as an attorney for a criminal defendant and the distribution of photographs within the Criminal Justice Center.

*Davis v. Judge Jeffrey L. Schmehl*, No. 24-3202 before Judge Leeson. While Mr. Davis's case before Judge Schmehl pended, he filed a new action, this time naming Judge Schmehl as a defendant challenging Judge Schmehl's handling of the ongoing *Davis v. City of Philadelphia* case and a five-year-old civil rights case he filed in 2019 against "the Third Circuit Court of Appeals, the Third Circuit Court all Districts, the Clerks of U.S. Courts and State Courts," the Philadelphia Court of Common Pleas and the Pennsylvania Superior Court, various court clerks, employees, and attorneys, and *The Washington Post* which Judge Schmehl dismissed. Judge Leeson granted Mr. Davis's motion for leave to proceed in forma pauperis, screened his complaint under 28 U.S.C. § 1915(e)(2)(B), explained the case No. 24-1563 is ongoing and Judge Schmehl is absolutely immune from action taken in his judicial capacity and dismissed Mr. Davis's case with prejudice. *Id.* at ECF 11. Mr. Davis appealed to our Court of Appeals but did not pay the filing fee as directed and the court dismissed his appeal.

*Davis v. United States,* No. 24-6216 before Chief Judge Goldberg. While Mr. Davis's appeal from Judge Leeson's final order pended in our Court of Appeals, Mr. Davis filed another case this time naming the United States, Judge Schmehl, Judge Leeson, Circuit Chief Judge Chagares, City Solicitor Andrew Pomager, and Philadelphia Sheriff Rochelle Bilal under 42 U.S.C. §§ 1983, 1985 again challenging the confiscation of his photographs he handed out in the Criminal Justice Center. Mr. Davis alleged Judge Schmehl and Judge Leeson and Chief Judge Chagares conspired to deprive him of his rights in two unidentified misconduct complaints filed against unidentified judges. He alleges "many Third Circuit judges" are "material witnesses" or "defendants." Mr. Davis paid the filing fee. Attorney Pomager moved to dismiss. Chief Judge Goldberg granted the motion, dismissed Judges Schmehl, Leeson, and Chagares as absolutely immune and dismissed the United States, Attorney Pomager, and Sheriff Bilal with prejudice. ECF 22. Mr. Davis then moved to "reinstate" his complaint arguing Chief Judge Goldberg never had jurisdiction over the action. Chief Judge Goldberg construed the motion as one for reconsideration and denied Mr. Davis's motion. Mr. Davis did not appeal from Chief Judge Goldberg's order.

*White v. Common Pleas Judge Nicholas Kamou*, No. 25-3106 before Judge Perez. While continuing to litigate in Chief Judge Goldberg's case, Mr. Davis filed a new action on behalf of an individual, Jerry White. Mr. Davis alleged he is entitled to bring a civil action on behalf of Mr. White under a power of attorney, including to act as Mr. White's defense counsel in a criminal case in Philadelphia. Mr. Davis sued Judges Kamou and Anders, Chief Judge Goldberg, Judges Schmehl and Pappert, District Attorney Larry Krasner, and Sheriff Bilal alleging civil rights violations arising from Judge Anders's May 30, 2025 Order barring Mr. Davis from handing out photographs and decisions of allegedly "racist white federal judges into the courthouse" and barring Mr. Davis as the power of attorney on behalf of Mr. White. Mr. Davis moved for in forma pauperis which is pending before Judge Perez.

[5] ECF 7. Judge Anders' Order noted "libelous and profane statements" attached to the photographs of judges distributed by Mr. Davis. *Id.*

[6] The correct spelling of Judge Kamau's surname is "Kamau."

7

---

[7] ECF 2.

[8] We do not address theories mentioning non-party District Attorney Krasner.

[9] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[10] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,' it does require the pleading show 'more than a sheer possibility … a defendant has acted unlawfully.'" *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).
[11] *Iqbal*, 556 U.S. at 678.

[12] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[13] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). We are directed by our Court of Appeals this liberal standard is "even more

8

pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); then citing *Higgs*, 655 F.3d at 339).

[14] *Yogt,* 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

[15] 42 U.S.C. § 1983. Section 1983 provides, in relevant part: "Every person who, under color of any statute . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." *Id.*

[16] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[17] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[18] ECF 2 at 5.

[19] *Id.*

[20] *Prosser v. Shappert*, No. 23-2072, 2024 WL 215518, at *2 (3d Cir. Jan. 16, 2025); *Carter v. All District Federal Judges*, 415 F. App'x 363, 365 (3d Cir. 2011) (per curiam) (footnote omitted) ("To the extent [plaintiff's] allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action.").

[21] *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (federal courts are not permitted to issue injunctions against state-court judges or clerks, and the traditional remedy of a state court ruling is an appeal); *Cruz v. Jurden*, 789 F. App'x 943, 944 (3d Cir. 2020) ("It is well-settled that inferior federal courts lack jurisdiction to review state court judgments.").

[22] *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).

[23] *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)).

[24] Judges Schmehl, Leeson, and Goldberg all explained the doctrine of judicial immunity to Mr. Davis in their respective opinions. We understand Mr. Davis does not agree with the doctrine of judicial immunity. His remedy is to again timely appeal to the United States Court of Appeals for the Third Circuit.

[25] ECF 2 at 3, Count 2.

[26] *Nixon v. Administrator of Gen. Servs.*, 433 U.S. 425, 468 (1977). Article I of the United States Constitution provides "No Bill of Attainder or ex post facto Law shall be passed." U.S. CONST. art.

I, § 9, cl. 3. Pennsylvania's Constitution provides "No person shall be attained by treason or felony by the Legislature." PA. CONST. art 1, § 18.

[27] *Selective Serv. Sys. v. Minnesota Pub. Interest Research Grp.*, 468 U.S. 841, 851 (1984) (emphasis added).

[28] So named after the Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978). The Supreme Court in *Monell* held "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 690 (footnote omitted).

[29] *Connick v. Thompson,* 563 U.S. 51, 60 (2011) (citations omitted).

[30] *McTernan v. City of York, PA*, 564 F.3d 636, 657–58 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)); *see also Porter v. City of Phila.*, 975 F.3d 374, 383 (3d Cir. 2020) (a municipality is only liable under section 1983 for constitutional violations caused by its official policies and customs) (citations omitted).

[31] *McTernan,* 564 F.3d at 658.

[32] *Id.*

[33] PA. CONST. art V, § 1.

[34] *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir. 2006) (quoting *Callahan v. City of Phila.,* 207 F.3d 668, 672 (3d Cir. 2000)).